1   Eric Bjorgum (State Bar No. 198392)
    Marc Karish (State Bar No. 205440)
2   KARISH & BJORGUM, PC
    16 N. Marengo Ave., Suite 307
3   Pasadena, California  91101
    Telephone: (213) 785-8070
4   Facsimile:  (213) 995-5010
    E-Mail: eric.bjorgum@kb-ip.com
5   Attorneys for Plaintiff Judy Stabile

6   Mark D. Kremer (SB# 100978)
       m.kremer@conklelaw.com
7   Zachary Page (SB# 293885)
       z.page@conklelaw.com
8   CONKLE, KREMER & ENGEL
    Professional Law Corporation
9   3130 Wilshire Boulevard, Suite 500
    Santa Monica, California  90403-2351
10  Phone: (310) 998-9100 • Fax: (310) 998-9109

11  Attorneys for Defendants Paul Smith Ltd.,
    Paul Smith Los Angeles, LLC; The Rug Company
12  Limited; and The Rug Company, Ltd. (CA)

13
                UNITED STATES DISTRICT COURT
14
          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
15

16  JUDY STABILE,                          CASE No. CV14-03749 DMG (SH)

17           Plaintiff,                    [PROPOSED] STIPULATED
                                           PROTECTIVE ORDER AND
18  v.                                     CONFIDENTIALITY
                                           AGREEMENT
19  PAUL SMITH LIMITED; PAUL
20  SMITH LOS ANGELES, LLC, a              Assigned for all proceedings:
    California limited liability company;  Honorable Dolly M. Gee
21  THE RUG COMPANY LIMITED;
    THE RUG COMPANY, LTD. (CA), a          Referred to:
22  California corporation; and DOES 1     Magistrate Judge Stephen J. Hillman
    through 10, inclusive,
23                                         Complaint Filed:  May 15, 2014
             Defendants.                   Trial Date: None
24

25

26

27

28

    1317.015\9991

## STATEMENT OF GOOD CAUSE

This is a copyright infringement action ("Action").  Discovery and trial of this Action will involve the exchange of highly sensitive information.  Such information may include confidential business strategies, financial data, product design and manufacturing details, confidential commercial information, and other valuable information that is not available to the public.  The parties to this action (individually, "Party" and collectively, "Parties") agree that the disclosure of such highly sensitive information to the public may be detrimental to their respective commercial interests and that discovery in this proceeding should be conducted under a Stipulated Protective Order and Confidentiality Agreement ("Protective Order") made pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Rule 26").  Through their respective attorneys of record, the Parties have agreed to be bound by the terms of the Protective Order and to present the same for entry as an Order of the Court.  Nonparties may produce information and documents that will be governed by the terms of this Protective Order by agreeing in writing to be bound by the terms of this Protective Order through Exhibit A and following the procedure for designating Confidential Information as set forth in this Protective Order.

## INFORMATION COVERED

1.      This Protective Order shall apply to any information, documents, testimony, which is deemed by a Party or nonparty to contain "Confidential Information." For purposes of this Protective Order, "Confidential Information" means any information, documents, testimony and things as to which a Party or nonparty deems that a reasonable basis exists for limiting dissemination of the material under the standards of Rule 26 and contains confidential and/or proprietary commercial information that is not generally available to the public.

1      2.     Confidential Information includes, but is not limited to, contractual and

2  financial arrangements, business agreements, income, revenue, expenses, profits, plans,

3  strategies, valuation, and personnel and salary information.

4

5  ## DESIGNATION AND TREATMENT OF CONFIDENTIAL

6  ## INFORMATION

7

8      3.     Confidential Information shall be designated by the producing Party or

9  nonparty as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY" pursuant to the following standards:

11

12      (a)    A Party or nonparty may designate material CONFIDENTIAL only

13  if it deems that a reasonable basis exists for limiting dissemination of the material under

14  the standards of Rule 26 and that the material contains confidential and/or proprietary

15  commercial information that is not generally available to the public; and

16

17      (b)   A Party or nonparty may designate material HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY only if it deems that disclosure of

19  such material to another person or party would be injurious to the commercial interests

20  of the designating entity under the standards of Rule 26 and that the material contains

21  highly propriety technical or trade secret or business information so that the risk of

22  improper use or disclosure to another party outweighs the right of that party to review

23  such information.

24

25      4.     CONFIDENTIAL DESIGNATION: Confidential Information

26  designated as CONFIDENTIAL under paragraph 3(a) maybe disclosed only to the

27  following persons, except upon the prior written consent of the designating Party or

28  nonparty or upon order of the Court:

1              (a)      Outside litigation Counsel of Record including their lawyers, law

2  clerks, and staff employees (including stenographic, clerical and paralegal employees);

3

4              (b)      Party individuals, defined as follows: Parties to this action,

5  including persons regularly employed by the Parties, who reasonably require

6  knowledge of the particular Confidential Information in order to assist in the Parties'

7  litigation or settlement activities.

8

9              (c)      Subject to the provisions of paragraph 10 below, Court personnel

10  involved in this action, which includes arbitrators and mediators who agree to be bound

11  to this Protective Order;

12

13              (d)      Court reporters, videographers, translators and similar personnel

14  involved in recording testimony or proceedings in this action who agree in writing or

15  on the record to be bound to the terms of this Protective Order;

16

17              (e)      Consultants or experts retained by Parties to this action, including

18  persons regularly employed by such consultants or experts who reasonably require

19  knowledge of the Confidential Information disclosed in order to assist in the Parties'

20  litigation or settlement activities, who agree to the terms of this Protective Order and

21  sign Exhibit A;

22

23              (f)      Persons appearing for deposition who agree to the terms of this

24  Protective Order and sign Exhibit A, provided that such persons (1) authored or

25  received such Confidential Information, (2) are established as being knowledgeable of

26  the contents of such Confidential Information prior to the time of his or her testimony,

27  or (3) is a current employee of the Party (or non-party) that produced the Confidential

28  Information (subject to the right of the producing Party to object and move for a

1  protective order prior to the deponent being given access to such Confidential
2  Information);

3

4         (g)    Persons otherwise lawfully entitled to such Confidential
5  Information, including persons who have been authors or recipients of such
6  Confidential Information (and who have not wrongfully obtained the Confidential
7  Information) outside of discovery in this Action.

8

9         5.    HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY
10  DESIGNATION: Confidential Information designated as HIGHLY CONFIDENTIAL
11  – ATTORNEYS' EYES ONLY under paragraph 3(b) may be disclosed only to the
12  following persons, except upon the prior written consent of the designating Party or
13  nonparty or upon order of the Court:

14

15        (a)    All persons identified in paragraphs 4(a) and (c)-(g) above to whom
16  information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
17  may be disclosed.

18

19        (b)    The Plaintiff in this Action and any employee of a Defendant in
20  this Action each of whom agrees to be bound to this Protective Order and agree not to
21  disclose any such Confidential Information, but who may use the contents of the
22  Confidential Information for the sole purpose of advising a party whether it should
23  settle the Action or continue to prosecute or defend the Action.

24

25        6.    A Party or nonparty may designate information produced by that Party
26  or nonparty which it deems to contain Confidential Information by, to the extent
27  possible, marking each page of each writing produced as "CONFIDENTIAL" or
28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as follows:

1         (a)    In the case of information voluntarily disclosed in these proceedings

2   or disclosed as a result of discovery, the producing Party or nonparty may identify and

3   mark Confidential Information at the time when an affidavit, pleading or memoranda is

4   served, when the answer to the interrogatory or request for admission is served, when a

5   copy of a document is provided or at the time of the inspection of the premises or thing.

6

7         (b)    In the case of depositions and deposition transcripts, the designating

8   Party or nonparty shall advise opposing counsel and the court reporter of the specific

9   pages and exhibits to be maintained as Confidential Information at the deposition or

10  within thirty (30) days after receipt of the transcript.  For convenience, if a deposition

11  transcript contains repeated references to Confidential Information which cannot

12  conveniently be segregated from non-confidential information, any Party or nonparty

13  may request that the entire transcript be marked by the reporter as "CONFIDENTIAL"

14  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  The Court Reporter

15  shall conform all materials in his or her possession to reflect such confidentiality

16  designation and bind (or re-bind if necessary) separately those portions of the testimony

17  and/or exhibits designated as Confidential Information and shall mark the face of the

18  separately bound transcript containing such confidential testimony and/or exhibits

19  CONFIDENTIAL PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL

20  PURSUANT TO COURT ORDER – ATTORNEYS' EYES ONLY, as appropriate.

21  Until the expiration of the 30 day period, the entire transcript shall be deemed

22  Confidential Information absent an agreement by the parties on the record.

23

24      7.    Inadvertent failure to designate Confidential Information as such prior to

25  disclosure, production, or response, will not prevent a subsequent confidentiality

26  designation by letter promptly sent after discovery of such inadvertent failure.  Any

27  disclosure made by the receiving Party prior to receipt of the letter shall not be a

28

1  violation of this Protective Order, nor shall the receiving Party incur liability for use or

2  disclosure of the information prior to the receipt of such letter.

3

4  **DISPUTES AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

5

6       8.     All Confidential Information shall be used solely for the purpose of this

7  litigation between the Parties and may not be used for any other purpose, except (a) by

8  Order of the court in this Action after a noticed motion is made in which notice is given

9  to all interested Parties and persons; and (b) for a Party's use of its own Confidential

10  Information that it has designated.

11

12       9.     Subject to the limitations of this Protective Order, Confidential

13  Information designated in accordance with paragraph 3 may be used during discovery,

14  in connection with any motion, at the trial and/or appeal of this action, or for any other

15  purpose as the Court may allow after notice to all parties.  To the extent Confidential

16  Information is included in any pleading, paper, or other document filed with the Court,

17  the party filing such Confidential Information shall lodge such information under seal

18  in compliance with this Court's Orders and Local Rule 79-5. Papers being submitted

19  for filing under seal shall bear on the face of initial page of the papers the notation

20  "Confidential or Highly Confidential – Attorneys Eyes Only Filed Under Seal"

21

22       10.     A Party may dispute the designation of any Confidential Information by

23  giving written notice of such objection to the designating Party or nonparty, within 30

24  days of the designation or within 10 days of the entry of this Order, whichever is later.

25  The Parties will first meet and confer, in good faith, in an attempt to resolve such a

26  dispute pursuant to Local Rule 37 If the meet and confer is unsuccessful, , the objecting

27  party may file a motion requesting that the Court determine whether the information

28  should be treated as Confidential Information, and if so, the appropriate designation.

1    In any such motion, the designating Party or nonparty has the burden of establishing

2    that the information is Confidential Information as defined in paragraph 3 above, but

3    the information shall be treated as appropriate Confidential Information unless and until

4    determined otherwise by the Court.  The disputed material shall be presented to the

5    Court under seal, pursuant to Local Rule 79-5 and the provisions of this Order to permit

6    the Court to make a determination as to whether the material qualifies as Confidential

7    Information, and if so, the appropriate designation for the Confidential Information.

8    The Court may award reasonable attorney's fees and costs to the prevailing Party or

9    nonparty if it finds such motion or opposition to such motion was not substantially

10    justified.

11

12          11.       Any Party or nonparty receiving a request to produce Confidential

13    Information to a third party shall not do so without compulsion of law, but shall provide

14    notice and details of the request to the designating Party or nonparty as soon as is

15    practical under the circumstances but, in any event, no less than fourteen days prior to

16    the date by which production is required.  If the designating Party or nonparty objects

17    to the production, no production of the Confidential Information shall occur until a

18    court of competent jurisdiction rules on the subject.

19

20          12.       The inadvertent disclosure of any documents or electronically stored

21    information that may be subject to attorney-privilege, the work-product doctrine, or any

22    other privilege recognized under California law (collectively referred to as "Privileged

23    Information") shall not be deemed a waiver in whole or in part of either the attorney-

24    client privilege, the work-product doctrine, or any other privilege, either as to the

25    specific information disclosed or as to any other information relating thereto or on the

26    same or related subject matter.

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

**TERMINATION**

13.     Within thirty (30) days after final termination of this case, each person subject to this Protective Order shall return all copies and samples of Confidential Information in its possession, custody or control to counsel for the Party or nonparty who has provided them or certify destruction thereof, except, however, counsel may retain one copy of any pleading, interrogatory response, deposition transcript, or other document containing such Confidential Information, subject to paragraph 15 below. No counsel or Party shall be required to destroy any electronically stored information contained in backup media which cannot practicably be destroyed without also destroying other non-confidential data; such electronically stored information shall not be accessed or restored to other accessible media without the agreement of the designating Party or an order of the Court after notice to the designating Party.

14.     This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings in order to provide the Court with jurisdiction to enforce its terms and to ensure compliance.

**AGREEMENT TO BE BOUND**

15.     The Parties and all signatories to this Protective Order, including those in the attached Exhibit A, agree to be bound by all the undisputed terms of this Protective Order pending its approval and entry by the Court.  In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Protective Order.  It is the Parties' intent to be

1   bound by the terms of this Protective Order pending its entry so as to allow for
2   immediate production of Confidential Information under the terms herein.

3

4   **STIPULATED AND AGREED.**

5   Dated:  January 16, 2015                     KARISH & BJORGUM, PC
6

7

8                                          By:  _____
9                                               A. Eric Bjorgum
10                                              Attorneys for Plaintiff Judy Stabile

11

12  Dated:  January 16, 2015                     Mark D. Kremer
13                                              Amy E. Burke, members of
                                                CONKLE, KREMER & ENGEL
14                                              Professional Law Corporation

15

16                                         By:  _____
17                                              Mark D. Kremer
18                                              Attorneys for Defendants Paul Smith
                                                Limited., Paul Smith Los Angeles, LLC; The
19                                              Rug Company Limited; and The Rug
20                                              Company, Ltd. (CA)

21

22

23

24

25

26

27

28

1317.015\9991                           -9-
[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

1   THE COURT, HAVING FOUND GOOD CAUSE FOR THE FOREGOING

2   STIPULATED PROTECTIVE ORDER, IT IS SO ORDERED.

3

4   DATED: _____ , 2014

5

6   _____

7   Hon. Stephen J. Hillman
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1317.015\9991                            -10-

**EXHIBIT A**

**AGREEMENT TO STIPULATED PROTECTIVE ORDER**

I have reviewed the Stipulated Protective Order and Confidentiality Agreement ("Protective Order") entered in the Central District of California court case entitled *Stabile v. Paul Smith Limited, et al.*, Case No. 2:14-cv-03749 DMG (SH) (the "Action"). I agree to maintain the confidentiality of all Confidential Information, as defined by the Protective Order, and that I will not use or disclose (to anyone other than my counsel) any Confidential Information that I learn of or receive in the course of the Action. I have received a copy of the Protective Order, agree to abide and be bound by its terms, and agree that I am subject to the jurisdiction of the Court having jurisdiction over the Action for purposes of enforcement of these obligations.

Dated:                                    Signature: _____

Printed Name: _____

On behalf of: _____

Address: _____

_____

_____

Phone: _____

Email: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT